ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*

FULLER.

Opinion delivered April 20, 1908.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—Where a brakeman, in endeavoring to make a flying switch, voluntarily placed himself in a place of danger and was injured, when he could have accomplished the end sought without incurring risk, he was guilty of contributory negligence, which will debar a recovery.

Appeal from Faulkner Circuit Court; *Eugene Lankford,* Judge; reversed.

*Lovick P. Miles,* for appellant.

Under the facts shown in evidence and uncontradicted, the court should have granted a peremptory instruction for the appellant. Not only did the deceased assume the risks ordinarily incident to his employment, but also he must be held to have assumed the extra hazard to which he voluntarily subjected himself and the consequences of his own contributory negligence. 78 Ark. 213; 77 Ark. 376; 56 Ark. 206; 143 Mass. 107; 165 Mass. 171; 80 Minn. 1; 86 Me. 400; 91 Me. 268; 170 U. S. 57; 191 U. S. 64; 170 U. S. 665; 56 Ark. 206; 65 Minn. 337; 57 Ark. 461.

*Carmichael, Brooks & Powers, Sam Frauenthal* and *P. H. Prince,* for appellee.

If the power driving wheel brakes of the engine had been in good working order, the engineer could have stopped it in time to have avoided the injury. There is no evidence that deceased knew the brakes were in bad order, but if he had known it he did not, under the Federal statute, assume the risk. An employee does not assume the risks arising from the master's negligence, nor from the failure of the master's failure to comply with statutory requirements. Safety Appliance Act, § § 1 and 8; 57 Ark. 377; 44 Ark. 525; 59 Ark. 103; 77 Ark. 637; 78 Ark. 219; 70 Ark. 299; 67 Ark. 208; 82 Ark. 595; 194 U. S. 140; 4 Penn. (Del.) 387; 116 Fed. 867.

Battle, J. Marie Fuller, as administratrix of the estate of Sylvester Fuller, deceased, sued St. Louis, Iron Mountain & Southern Railway Company for damages on account of injuries caused by the negligence of the defendant. She alleged in her complaint "that on the 21st day of July, 1906, Sylvester Fuller was an employee of the defendant as a brakeman on its freight train, operated and run through said Chicot County; that on said day said Sylvester Fuller, under direction of the defendant, was engaged in doing station switching for defendant at Dermott, a station on defendant's line of railroad in said Chicot County; that in doing said switching at said time and place it was necessary, and said Sylvester Fuller was directed by said defendant, to assist in poling a freight car from the spur track to the main track of defendant's line of railroad;

that in performing this duty, and under direction of defendant, said Sylvester Fuller used a piece of iron as such pole, which was furnished· by said defendant as the tool for performing this duty; that, while said Sylvester Fuller was thus engaged in performing this duty, the defendant did carelessly and negligently run the engine of said freight train back on said Sylvester Fuller, crushing him between said engine and freight car; that at the time the engine of defendant was defective and unsuitable for use; that the air brakes on said engine were in bad order and discontinued, and that said engine was not provided with proper appliances for braking power; and that this defective and unsuitable condition of said engine was well known at the time to the defendant, and was wholly unknown to said Sylvester Fuller.

Plaintiff says that, "as the said engine was being run towards said Sylvester Fuller, while he was thus engaged in doing said duty of switch-poling, the engineer of defendant in charge of said engine at the time saw the perilous condition in which Sylvester Fuller was placed prior to the injury, and in ample time to have stopped the engine and prevented the injury, had not said engine been· in such a defective condition, as above set forth, and the said defendant, through its said negligence, did fail to stop said engine and did not stop the same, but did carelessly and negligently run the same against the said Sylvester Fuller, crushing him between said engine and said freight car on said spur track, causing him such injury that he died therefrom."

The defendant denied each and every allegation of negligence, and alleged, in further defense, that the intestate of appellee was guilty of contributory negligence in failing to exercise due·care for his own safety in the discharge of the work in which he was engaged, and in negligently assuming a place of danger and manner of working; and, in further defense, the defendant alleged that the injury and death of the intestate of plaintiff was the approximate result of a risk of injury and death which said intestate assumed in taking and continuing service with the defendant.

The jury in the case returned a verdict in favor of the plain-

tiff for $750, and the court rendered judgment accordingly; and the defendant appealed to this court.

The leading facts in the case are as follows:

Sylvester Fuller, the intestate of appellee, was a railroad brakeman, of about three years' experience, on a freight train of appellant, operated in Chicot County, in this State. He was acting as "head brakeman" of the train at the time he was injured. The crew operating the train attempted to make what is known as a "running switch" of a car, and put it on a side track at Dermott, a station on appellant's road in Chicot County. The car did not roll quite far enough, and was in the way of cars passing on the track from which the crew attempted to switch it, or, as expressed in the briefs of counsel, "did not roll quite in the clear." Fuller voluntarily, without direction from any one, assumed the work of "poling" the car into "the clear," without being directed to do so, and went to a scrap-pile and picked up an angle bar or "fish-plate," from 18 to 24 inches in length. He returned to the engine and unnecessarily assumed a dangerous position on the pilot of the engine, and attempted to push the car in the clear by placing the angle-bar against the pilot-beam of the engine and the car, and then causing the engine to move forward. He gave the engineer in charge of the engine a signal to move forward, which he did slowly and cautiously, moving at the rate of two miles an hour; the engineer not seeing or knowing what appliance he used. The angle-bar failed to accomplish his purpose. He cried aloud, but it was too late, and he was crushed. The angle-bar was too short. In the event it broke or slipped, there could not be time to stop the engine before it came in contact with the car. Had Fuller stood on the ground on the right side of the pilot-beam, as he should, with his angle-bar, and "poled" the car in that way, there would have been no way for him to have been caught and crushed. He was clearly guilty of contributory negligence. Appellant asked the court to instruct the jury to return a verdict in its favor, and it erred in refusing to do so.

Reversed and remanded for a new trial.